## RAFAEL LEONCIO ET AL., Plffs.,

*v.*

## EMPIRE PINEAPPLE COMPANY, Dft.

---

San Juan, Law, No. 1095.

Evidence—§ 858 Revised Statutes, Comp. Stat. 1913, § 1464.
    The representative of defendant may not testify as to instructions given deceased, in an action by his heirs for damages.

Opinion filed December 11, 1915.

---

*Mr. E. B. Wilcox* for the plaintiffs.

*Mr. Frank Antonsanti* for the defendant.

Leoncio v. Empire Pineapple Co.

HAMILTON, Judge, delivered the following opinion:

A question is asked the witness who is the representative of the defendant, as to what instructions he gave the men, supposed to include the intestate, when he sent them to the pit to work.

Objection is made that the answer filed in the case in effect says that no instructions were given. It is urged that under the Code of Civil Procedure amendment may be made to meet the evidence, and only where the other side is surprised are terms imposed. That, I take it, is the substance of the present situation.

This is a suit between the representatives of a dead man, a man who is supposed to have been killed by this accident, and the company which is defending the suit. The widow and children were not present at the accident, and they are necessarily not informed as to what went on at this time. There is no proof whatever that they were there, and the question therefore comes up under that state of facts.

1. In the first place, it seems to me that this does operate in the nature of a surprise. Here is a matter of fact, which the plaintiffs could tell very little about, anyhow. Of their own knowledge they could tell nothing. The mouth that could tell them about it has been closed by death, and "no instructions" is one of the allegations of the complaint, and this is not denied in the answer. The general rule is that a pleading is construed against the person offering it, and the rules of procedure in Porto Rico and elsewhere require that the answer shall deny whatever it does not admit. If the matter is not denied, the proper construction is that it is admitted. That being so here,

Leoncio v. Empire Pineapple Co.

it would seem as if the allegation of the complaint is to be taken as admitted by the answer. The question is, is it a material allegation that no instructions were given the decedent, so that the defendant coming here on one issue could not be supposed to defend upon another?

For the reason mentioned above, that the dead man cannot be present and cannot aid in any way, it would seem as if this is a material allegation, so that if an amendment is desired, it is one which could be granted only on terms.

2. Furthermore, it has not been mentioned, but there is a section which I think controls the matter. The Code of Civil Procedure has a very high place in the proceedings of this court, but wherever the Congress of the United States has legislated upon subject, that prevails, and § 858 of the Revised Statutes, Comp. Stat. 1913, § 1464, says: "In the courts of the United States no witness shall be excluded in any action on account of color, or in any civil action because he is a party to, or interested in the issue tried: Provided, that in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court. In all other respects, the laws of the state in which the court is held shall be the rules of decision as to the competency of witnesses in the courts of the United States in trials at common law, and in equity and admiralty."

This, of course, is not eo nomine. a case against executors, administrators, or guardians; but putting the same construction

Leoncio v. Empire Pineapple Co.

upon this that is put upon similar sections, for instance, § 3508 of the Code of Alabama, it must be held that these terms are used as in a representative capacity, and that when a legislature or Congress prescribes that heirs and representatives have a certain cause of action, it adcpts into that the principle of this section about the representative parties as witnesses.

So that, while not literally within this statute, it seems to me that these parties are within the spirit of it. The witness is practically the company, and the plaintiffs are practically the administrators or representatives of the man who was injured, and the witness is now asked as to the instructions which he gave to the man who is dead and cannot testify. So that, while the point has not been mentioned, it seems to the court that it ought to take cognizance of it *ex mero motu*. The court will have to rule that the question cannot be asked of this witness.

. In that view of it, it will not be necessary to pass upon the question of amendment. As to whether the amendment would be allowed if the same question were asked another witness is a different question. This witness is incompetent to answer that question. If anybody else was standing by and heard as to instructions, he would be competent to testify, but not this witness. This witness is really the defendant.